FLORENCE LEVIN, complainant-appellant,

*v.*

SYLVIA NEDELMAN, defendant-respondent.

[Argued May 27th, 1948.   Decided September 3d, 1948.]

*Mr. W. Louis Bossle,* for the appellant.

*Mr. Irving I. Jacobs,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

The essential question here is whether complainant, as the assignee of Merlin, defaulted in the performance of Merlin's

contract with defendant for the assignment to him of the subject lease and option, and thus became disentitled to specific performance. The learned Vice-Chancellor found that complainant had "refused to honor the escrow and to make settlement in accordance with the terms agreed to by Merlin" and thereby "lost her opportunity to retake the outstanding lease and option, and the defendant regained her right to exercise the option." On the assumption that the assignment was ambiguous in its terms and, perhaps, deficient in its expression of the common intention, he nevertheless concluded that the deficiencies were not subject to correction because complainant "sought no reformation of the writing," and, in any event, neither Merlin, "a party to the contract and the escrow," nor Monheit, the depositary of the escrow, was a party to the suit. But the Vice-Chancellor also found that the assignment was sufficient in form and substance. There is the suggestion that he deemed the criticisms of the shape of the assignment to be frivolous in view of the undoubted "intent and purpose" to include the option in the transfer, gleaned from the testimony and "interpretive acts of the parties, the testimony of their attorneys, and the words of the executed assignment, construed in the light of the situation of the parties." We think complainant is entitled to relief.

Defendant and not complainant was in default. Complainant tendered performance and was ready to perform upon delivery of a valid and effective assignment of the lease and option made directly to her; but this defendant refused to do. The assignment which defendant executed and placed with her attorney in escrow was deficient in substance. It was endorsed upon the lease itself, and read thus: "In consideration of the sum of One Dollar [and] other good and valuable consideration in hand paid the Lessor [sic] hereby assigns all rights, title and interest in the within lease to Charles Merlin."

We need not determine whether the assignment was in terms sufficient to include a transfer of the option. As stated, the Vice-Chancellor answered the inquiry in the affirmative, viewing the writing in the light of the evidence *aliunde* as to intention and the situation of the parties. But the letting

and the option are two separate and distinct contractual projects. *Polish-American Volunteer Defenders of America* v. *Roman Catholic Church of Our Lady of Chenstohowa, Inc., 102 N. J. Eq. 73.* And so complainant was justified in demanding an assignment expressing the common intention in clear and unambiguous terms, rather than in language so vague and indefinite as to give rise to doubt as to its scope and meaning—such as moved the Vice-Chancellor to consider the evidence *aliunde.* Moreover, the assignment was made to Merlin and not to complainant. Barring a provision *contra,* a contract of lease and option such 'as this is as assignable as any other contractual right; and a bill for specific performance is maintainable by the assignee. *Bateman* v. *Riley, 72 N. J. Eq. 316; South Jersey Furniture Corp.* v. *Dorsey, 95 N. J. Eq. 530;* affirmed, *99 N. J. Eq. 433; Williston on Contracts* (rev. ed.) §§ *415, 423, 930, 936, 1439A.*

And it does not matter that the lease and the assignment were placed in escrow. Complainant was under no obligation to accept an imperfect or doubtful assignment simply because defendant had placed it in escrow with her attorney; it was incumbent upon defendant to deliver an efficacious assignment made directly to complainant. The substitution of an effective assignment obviously would not violate the terms of the contract. The assignment was merely an instrument for the effectuation of the agreement for the transfer of the lease and option; and complainant is entitled to specific performance of the underlying contract. There is no need for reformation of the assignment by judicial decree. It is within the power of defendant to effectuate the contract by a good and sufficient assignment; and her arbitrary refusal to do so renders the contract specifically enforceable. It was not open to defendant to condition the delivery of an assignment in keeping with the contract upon complainant's recognition of rights asserted by a subtenant of the premises. *Acquackanonk Building and Loan Association* v. *Parsonnet, 107 N. J. Eq. 48.* It is conceded that such demand was made. We need not determine whether acquiescence in that demand would have materially altered complainant's rights; it suffices to hold that the contract for the assignment was not so conditioned.

The decree is reversed, with costs; and the cause is remanded with direction to enter a decree for complainant in conformity with this opinion.

*For affirmance*—THE CHIEF-JUSTICE, DONGES, DILL, JJ. 3.

*For reversal*—BODINE, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, FREUND, McLEAN, SCHETTINO, JJ. 11.